**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Thomas WILLIAMS, Defendant—
Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Robert Mitchell, Defendant—Appellant.**

No. 05–10158, 05–10232.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 15, 2006.

Decided March 23, 2006.

204

Kathleen Bliss, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Kevin A. Tate, AFPD, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant, Thomas Williams.

Thomas C. Naylor, Esq., Law Offices of Thomas C. Naylor, a Professional Corporation, Henderson, NV, for Defendant–Appellant, Robert Mitchell.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Thomas Williams and Robert Mitchell appeal their convictions on one count each of sports bribery and conspiracy to commit sports bribery in violation of 18 U.S.C. §§ 224 and 2. We affirm.

■ Williams and Mitchell both argue that the district court abused its discretion in admitting Denmark fight evidence. We agree that it was not "inextricably inter-twined" with the charged conduct, but may affirm on any basis supported by the record. *United States v. Gonzalez–Rincon,* 36 F.3d 859, 866 (9th Cir.1994). The evidence was relevant and admissible under Rule 404(b) as it tends "to show the background and development of the conspiracy," *United States v. Hill,* 953 F.2d 452, 457 (9th Cir.1991), and to show knowledge of the conspiracy's objective to throw the Melito fight, *see United States v. Holler,* 411 F.3d 1061, 1067 (9th Cir.2005). It was sufficient to support a finding that Williams intentionally lost that fight, *United States v. Smith,* 282 F.3d 758, 768 (9th Cir.2002); the circumstances were similar to the offense charged here as in each case Williams was involved in a fight that was fixed; and the Denmark events occurred only a few months before the Nevada fight and so were not too remote in time. *Id.* Nor was the Denmark fight evidence unduly prejudicial in light of its probative value. *See* Fed.R.Evid. 403.

■ Williams argues that he should not have been tried jointly with Mitchell. However the court did not abuse its discretion in declining to sever. Williams failed to show manifest prejudice or any substantial "spillover effect." To the extent that not all the evidence related to the conspiracy charged against him, the jury could compartmentalize his role from Williams's. *See, e.g., United States v. Ponce,* 51 F.3d 820, 831 (9th Cir.1995) (per curiam). Further, the district court gave a proper limiting instruction. *See United States v. Johnson,* 297 F.3d 845, 855 (9th Cir.2002) ("[I]f the district court attempted to cure any risk of prejudice with proper limiting instructions, a defendant must also show that the curative instructions were inadequate.").

Mitchell argues that the district court should have suppressed the Gross tape

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

recordings, and any testimony derived from those tapes, on the ground that the recordings were illegal interceptions under 18 U.S.C. § 2510 *et seq.* The district court's finding, after hearing from several witnesses, that there was no illegitimate purpose behind the recordings was not clearly erroneous. *Cf. Sussman v. ABC, Inc.*, 186 F.3d 1200, 1202 (9th Cir.1999) (noting that the existence of a lawful purpose would not necessarily except a tape that was also made for an illegitimate purpose from § 2511). It is Gross's purpose, not Fink's, that matters. Thus, the recordings were admissible.

Mitchell's *Brady* contention fails for lack of any showing that the fact that the Peterson tape had broken and Peterson had fixed it was exculpatory, impeaching, or material. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *United States v. Antonakeas*, 255 F.3d 714, 725 (9th Cir.2001).

Neither did the court abuse its discretion in excluding evidence of Muhammad's felony conviction. By the time Muhammad testified, "a period of more than ten years ha[d] elapsed since the date of the conviction [and] of the release of [Muhammad] from the confinement imposed for that conviction," which made the conviction presumptively inadmissible under Federal Rule of Evidence 609(b). The court was not obliged to "toll" any time for reasons urged by Mitchell.

Finally, Mitchell argues that the district court violated his due process rights by commenting on his guilt. We see no plain error in the judge's off-hand remark, which he characterized as a joke, about the length of the trial.

AFFIRMED.